UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Somchai and Duangta Ritnoppakun,<br><br>     Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>     Defendant. | CASE NO. C23-1447 MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant's Motion to Dismiss. (Dkt. No. 4.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 6), the Reply (Dkt. No. 8), and all other relevant materials, the Court DENIES the Motion.

**BACKGROUND**

This action arises out of an alleged washing machine defect that resulted in property damage to Somchai and Duangta Ritnoppakun's home. The Ritnoppakun's owned a washing machine manufactured by Samsung Electronics America, Inc. ("Samsung"). (Compl. ¶ 6 (Dkt.

No. 1-1).) In February 2022, the washing machine leaked and caused property damage. (Id. at ¶¶ 6-8.) The Ritnoppakun's maintained homeowners' insurance for their residence with Plaintiff Allstate Property and Casualty Insurance Company ("Allstate"). (Id. at ¶ 5.) The Ritnoppakun's submitted a claim to Allstate, and Allstate indemnified them for a total of $400,742.02. (Id. at ¶ 11.) Allstate then brought a products liability claim against Samsung, alleging the washing machine was designed, manufactured, and/or sold by Samsung in a defective or unreasonably dangerous condition. (Id. at ¶ 13.)

Samsung now brings this Motion to Dismiss arguing the washing machine has passed the 12-year useful life presumption under Washington law. (Mot. at 1.) And because Allstate failed to plead any facts to overcome this presumption, the claim must be dismissed as time barred. (Id.) Allstate, in response, argues the 12-year useful life presumption is an affirmative defense that it is not obligated to plead around. (Response at 1.)

## ANALYSIS

**A.   Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be based on either a lack of a cognizable legal theory or the absence of sufficient facts under such a theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept all facts alleged in the complaint as true and make all inferences in the light most favorable to the non-moving party. In re Fitness Holdings, Int'l, Inc., 714 F.3d 1141, 1144-45

1  (9th Cir. 2013). But "conclusory allegations of law and unwarranted inferences will not defeat an

2  otherwise proper motion to dismiss." Vasquez v. Los Angeles Cnty., 487 F.3d 1246, 1249 (9th

3  Cir. 2007).

**B.      Judicial Notice**

Review of a 12(b)(6) motion is normally limited to the complaint itself. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the Court relies on materials outside the pleadings, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questions." Fed. R. Evid. 201(b).

Samsung asks the Court to consider documents outside the pleadings without converting it into a motion for summary judgment. (Mot. at 3.) Samsung attached a declaration by Andrew Lugo to its Motion to supports its contention that Samsung manufactured the washing machine at issue in 2007. (Declaration of Andrew Lugo ¶¶ 3-4 (Dkt. No. 4-1).) Lugo is a products liability manager at Samsung. (Lugo Decl. ¶ 2.) He asserts the date of manufacturing can be determined from the washing machine's serial number. (Id. at ¶¶ 3-4.) After reviewing the serial number of the washing machine at issue here, he determined the washing machine was manufactured in

September 2007. (Id.) Allstate does not dispute the manufacturing date. Because this is a fact that is not subject to reasonable dispute, the Court takes judicial notice of the manufacturing date.

**C.     Samsung's Affirmative Defense**

Samsung argues the damage caused by the washing machine occurred after its presumed 'useful safe life,' as provided under Washington Law, had expired. Therefore, the statute of repose bars Allstate's claims against Samsung. The Court finds Samsung's argument unconvincing.

Generally, a court will not dismiss a complaint for failure to state a claim under Rule 12(b)(6) when a defendant merely pleads affirmative defenses. This is because a plaintiff does not need to anticipate and plead around all potential defenses. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (finding no basis for "imposing on the plaintiff an obligation to anticipate [an affirmative defense]" in his complaint). "[D]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014). "A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6). Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013) (simplified). But "[i]f, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." ASARCO, 765 F.3d at 1004 (internal citation omitted).

Because Samsung fails to demonstrate the statute of repose unequivocally bars Allstate's claim, its Motion fails. Allstate brings its claim against Samsung under RCW 7.72, which is

Washington State law governing product liability actions. (See Compl. ¶ 13.) Samsung's Motion to Dismiss is predicated on a provision of RCW 7.72, which contains a statute of repose that provides: "a product seller shall not be subject to liability for harm under this chapter if the product seller proves by a preponderance of the evidence that the harm was caused after the product's 'useful safe life' had expired." RCW 7.72.060(1). A product's "useful safe life" begins at the time of delivery of the product, and the product is presumed safe for twelve years after the delivery. RCW 7.72.060(1)(2). If the damage caused occurs more than twelve years after the time of delivery, a presumption arises that the damage was caused after the useful safe life of the product. RCW 7.72.060(2). "This presumption may only be rebutted by a preponderance of the evidence." Id. Samsung argues that it manufactured the washing machine owned by the Ritnoppakuns in 2007. (Motion at 2.) Because the leak occurred in 2022, more than twelve years had lapsed between manufacturing date and the incident; therefore, the washing machine had surpassed its presumed "useful safe life" and Samsung cannot be held liable. (Id. at 2-3.)

      Samsung's argument fails for three reasons. First, Samsung's briefing focuses on an irrelevant date. Samsung argues that Allstate has to plead "the manufacture date of the washer" in order to make its claim facially plausible. But the date of manufacturing is irrelevant. The statute states the presumptive safe life is triggered "at the time of delivery," not the date of manufacturing. As such, the 2007 date is immaterial. Because Samsung's briefing focuses on the date of manufacturing and fails to discuss the date of delivery, its argument fails. For this reason, the Court DENIES Samsung's Motion.

      Second, Samsung misstates whose burden it is to demonstrate whether the damage occurred within the "useful safe life" period. Most of Samsung's reply brief is focused on Allstate's failure to adequately plead the damage from the washer occurred within the twelve

1   year presumptive safe period. But Samsung's belief that Allstate has the burden is incorrect.

2   RCW 7.72.060 clearly states that the product-seller must prove "by a preponderance of the

3   evidence that the harm was caused after the product's "useful safe life" had expired." RCW

4   7.72.060(1). Only after the product-seller satisfies meets its burden does the burden then shift to

5   the plaintiff. Therefore, Samsung must first demonstrate the "useful safe life" has passed before

6   Allstate has to rebut it. Because Samsung focuses its entire argument on the date of

7   manufacturing, it fails to meet its burden that the "useful safe life" has passed. The Court finds

8   this to be an additional reason to deny Samsung's Motion.

9         Third, the legal standard makes clear that Allstate is not required to plead around

10  Samsung's affirmative defense. A statute of repose, like a statute of limitations, is an affirmative

11  defense that bars a suit after a specific time period. The statute of repose at issue here also allows

12  for a plaintiff to overcome the useful life presumption by a preponderance of the evidence,

13  similar to how a plaintiff may overcome a statute of limitations via equitable tolling. The Ninth

14  Circuit has previously held that a plaintiff does not plead themselves out of court for simply

15  failing to plead around the statute of limitations. Supermail Cargo, Inc. v. United States, 68 F.3d

16  1204, 1206-07 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of

17  limitations period may be granted only if the assertions of the complaint, read with the required

18  liberality, would not permit the plaintiff to prove that the statute was tolled.") (internal citation

19  and quotation omitted); see also, Ortega v. Santa Clara Cnty. Jail, No. 19-17547, 2021 WL

20  5855066, at *1 (9th Cir. Dec. 9, 2021) (applying Supermail to hold that district court erred in

21  dismissing a case because the plaintiff did not need to demonstrate equitable tolling applied at

22  the Rule 12(b)(6) stage). Applying the standard here, Allstate does not need to "demonstrate" or

23  "present evidence" that it could overcome the useful life presumption. Rather, it must make

24

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 6

factual allegations that show a plausible claim for relief, Ashcroft, 556 U.S. at 67, that does not foreclose the possibility it may overcome the useful life presumption, Supermail Cargo, 68 F.3d at 1206-07. Allstate's complaint does not state when the washing machine was delivered. But even if it was delivered over twelve years ago, the complaint does not foreclose the possibility that Allstate may be able to demonstrate the washing machine has a useful life past the twelve year presumption. Because Allstate has stated a claim for relief that is plausible and the alleged facts do not foreclose the possibility that it could overcome the statute of repose, Samsung's Motion fails.

## CONCLUSION

In viewing the facts in the light most favorable to Allstate, the Court finds Allstate has stated a claim for relief that is plausible on its face. Samsung has failed to demonstrate the washing machine is past the twelve year "useful safe life" set forth in RCW 7.72.060. Samsung also fails to demonstrate that even if the washing machine was past the "useful safe life" that Allstate would be unable to overcome the safe life presumption. For these reasons the Court DENIES Samsung's Motion to Dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 5, 2023.

Marsha J. Pechman
United States Senior District Judge