UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA INC.,<br><br>Defendant. | CASE NO. 2:23-cv-01447-MJP<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

**INTRODUCTION**

This matter comes before the Court on Defendant Samsung Electronics America, Inc.'s Motion for Summary Judgment. (Dkt. No. 17.) Having reviewed the Motion, Plaintiff Allstate Property and Casualty Insurance Company's Response (Dkt. No. 19), the Reply (Dkt. No. 23), supplemental briefing from both Parties (Dkt. Nos. 26, 28), and all supporting materials, the Court GRANTS the Motion.

# BACKGROUND

In 2006, Somchai and Duangta Ritnoppakun bought a house in the Magnolia neighborhood of Seattle, Washington, and began to renovate the property. (See Declaration of Carinne Bannan (Dkt. No. 18) Ex. 1 ("Ritnoppakun Dep.") at 5.) The renovations were substantial and took several years to complete. (Ritnoppakun Dep. at 8–9.) Mr. Ritnoppakun does not remember the exact date when the Ritnoppakuns moved into the home but remembers that they did so in 2010. (Id. at 9–10, 13, 18.) After moving into the house, the Ritnoppakuns purchased and installed a front-loading washing machine designed and manufactured by Defendant Samsung. (Ritnoppakun Dep. at 16.) They had the machine installed on the second floor of their home. (See Cannan Decl. Ex. 2 at 24.)

Sometime on February 11, 2022, the washing machine sprung a leak and caused extensive water damage to the Ritnoppakuns' home. (See Compl. ¶¶ 7–11.) It is undisputed that the "spider arm"—a part that spins the plastic machine washing drum—was the cause of the leak. The aluminum spider arm corroded and then broke, "caus[ing] pieces of material to break off and become impinged between the rotating drum and the plastic tub, puncturing the tub and resulting a large volume water leak." (See Declaration of Kale Stephenson (Dkt. No. 7) ¶ 9; accord Cannan Decl. Ex. 2 at 25.) The Ritnoppakuns submitted a $400,724.02 claim to their insurer, Plaintiff Allstate, who now pursues the claim as subrogee. (Compl. ¶¶ 10–11.)

Samsung removed Allstate's claim from King County Superior Court based on diversity jurisdiction, (Dkt. No. 1,) and then promptly moved to dismiss arguing that the claim was barred by the WLAD statute of repose, (Dkt. No. 4.) The Court denied the motion to dismiss on the basis that Samsung failed to "show[] that the washing machine was past the twelve year 'useful safe life'[.]" (Dkt. No. 12.)

1    Samsung now moves for summary judgment on Allstate's claim. (Dkt. No. 17.) While
2    the Motion was pending, the Court ordered the Parties to submit supplemental briefing regarding
3    the deposition of Samsung's corporate witness, which was to take place the day after the matter
4    became ripe for review. (See Dkt. No. 24.) During the deposition, Samsung's corporate witness
5    testified that the washing machine at issue has no useful safe life. (See Supplemental Declaration
6    of Brent Hardy (Dkt. No. 25) at 11–12.)

## ANALYSIS

### A. Legal Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323–24.

B. **Useful Safe Life**

Samsung first argues that the Ritnoppakuns' washer was beyond its useful safe life at the time of the leak, therefore Allstate's claims are barred by the WPLA's statute of repose. (Mot. at 4–7.) The Court disagrees.

Under Washington law, product seller is not liable for harm under the WPLA if that harm was caused after product's "useful safe life" had expired. See RCW § 7.72.060; see also Pardo v. Olson & Sons, Inc., 40 F.3d 1063, 1068 (9th Cir. 1994) (discussing the WPLA's statute of repose). A product's useful safe life begins at the "time of delivery of a product to its first purchaser[.]" RCW § 7.72.060(1)(a). The statute presumes that the useful safe life expires "twelve years after the time of delivery." RCW § 7.72.060(2). This presumption "may only be rebutted by a preponderance of the evidence." Id.

The useful safe life of the washer at issue falls under the statutory presumption of twelve years. Samsung's designated corporate witness testified that there is no generic useful safe life for the Ritnoppakuns' washing machine. (See Suppl. Hardy Decl. at 11–12 ("Q: And so there's no generic useful safe life for this washing machine, is there? . . . A: No.).) With no guidance from the manufacturer itself, the Court finds that the washing machine should have a presumptive 12-year useful safe life under the WLPA.

Samsung argues that the "industry consensus" is that front-loading washer machines have a useful safe life of 10 years. (Mot. at 5.) The Court disagrees. First, Samsung's argument rests entirely on the expert report of Keith Cline, who reviewed "several resources" to "determine the reasonable, expected service life for automatic clothes washing machines." (Bannan Decl. at 31.) Mr. Cline does not opine on the useful safe life of the Samsung washer at issue, but rather on front-loading washing machines generally. (Id.) And even if Samsung were to concede that the

1 durability and effectiveness of its own products did not exceed those of its competitors, the Court
2 remains unpersuaded by the resources that constitute the underpinnings of Mr. Cline's
3 conclusion. Several of the documents cited by Mr. Cline contain explicit disclaimers warning
4 readers that they contain only estimates and should not be relied upon to any degree of certainty.
5 (See, e.g., Hardy Decl. Ex. K at 4 (cautioning readers that "[t]his [National Association of Home
6 Builders] report should be used as a general guideline only. None of the information in this
7 report should be interpreted as a representation, warranty or guarantee regarding the life
8 expectancy or performance of any individual product or product line."); Ex. L at 2 (an AARP
9 article noting that "higher-end models [of appliances] will, indeed, last longer and perform
10 better," but that most "will generally last around 12 years."); Ex. N at 1 (an article from the
11 International Association of Certified Home Inspectors warning that the "life expectancies [of
12 appliances listed in the article] . . . should be used as a guideline only.").) Without more, Mr.
13 Cline's reliance on these documents is insufficient to meet the burden of proof needed to rebut
14 the statutory presumption, particularly in the wake of Samsung's own admission that the washer
15 has no useful safe life. The Court therefore DENIES Samsung's Motion as to the WPLA's
16 statute of repose.

17 **C.     Construction defect**

18          Samsung also moves for summary judgment on the basis that Allstate has failed to show
19 that the washing machine was unsafe in its construction. (Mot. at 7–8.) The Court agrees.
20          As a threshold matter, the Court construes Allstate's WPLA claim to sound solely in
21 unsafe construction liability under RCW § 7.72.030(2)(a). Samsung asserts that Allstate brings
22 only "an unsafe construction claim" (Mot. at 7.) Allstate does not challenge this assertion and
23 appears to concede the point in its Opposition. (See Opp. at 13 ("The fact that the spider arm
24

1  failed . . . shows that it was unsafe in its construction.").) On that basis, the Court limits its
2  analysis to unsafe construction liability under the WPLA.

3        The WPLA is the exclusive remedy for product liability claims under Washington law.
4  <u>Washington Water Power Co. v. Graybar Elec. Co.</u>, 112 Wn.2d 847, 853–54 (1989). A product
5  is not reasonably safe in construction only if "when the product left the control of the
6  manufacturer, the product deviated in some material way from the design specifications or
7  performance standards . . . [or] from otherwise identical units of the same product line," with the
8  trier of fact "consider[ing] whether the product was unsafe to an extent beyond that which would
9  be contemplated by the ordinary customer." RCW § 7.72.030(2)(a), (3); <u>see also</u> <u>Bylsma v.</u>
10 <u>Burger King Corp.</u>, 176 Wn.2d 555, 559 (2013).

11       There is no evidence showing that the spider arm broke as the result of a manufacturing
12 defect or a deviation from Samsung's design specifications. Allstate's expert, Kale Stephenson,
13 opines that the spider arm is "composed of cast aluminum," a material which is "not a corrosion
14 resistant metal in this application," particularly when subject to the "wet, alkaline environment
15 formed by laundry detergent and bleach dissolved in water," placed into "electrical contact with
16 the steel drum and motor shaft," and containing "a multitude of recesses which allow for water to
17 stagnate and stay wet for an extended period of time." (Stephenson Decl. ¶¶ 10, 13.) Mr.
18 Stephenson further provided his opinion that if not for the spider arm breaking, "washing
19 machine would most probably have had at least 10 additional years of service/useful safe life if
20 used under the same conditions it had up until the failure period." (<u>Id.</u> ¶ 14.) But none of this this
21 evidence indicates that the Ritnoppakuns' machine was defectively constructed. Indeed,
22 Allstate's expert admits that such corrosion is a "well-known phenomenon in the industry,"
23 which would indicate a flaw in the overall design rather than proof that the Ritnoppakuns had
24

installed a machine that was uniquely unsafe in its manufacture or otherwise deviated from the Samsung's design specifications or performance standards. Finding there to be no issue of material fact regarding the construction of the washing machine at issue, the Court GRANTS Samsung's motion as to Allstate's unsafe construction claim.

## CONCLUSION

The Court finds that the WPLA's presumption of a 12-year useful safe life applies to the Ritnoppakuns' washing machine. Samsung not only admitted that it does not recognize a useful safe life of its machines, but also fails to adduce sufficient evidence to rebut the statutory presumption. The Court therefore DENIES Samsung's Motion as to the WLPA's statute of repose.

However, the Court also finds that Allstate has failed to identify a genuine issue of material fact that might support its unsafe construction claim under the WPLA. There is no evidence in the record to allow the fact finder to conclude that the Ritnoppakuns' washing machine was defectively or unsafely constructed. Construed in Allstate's favor, the facts only show a material issue as to whether the design of the spider arm was somehow at fault. The Court GRANTS Samsung's Motion and directs entry of judgment in its favor on all claims.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 21, 2024.

Marsha J. Pechman
United States Senior District Judge